**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4134**

———————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CATHERINE PONTIER,

                                        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  David A. Faber, Chief District Judge.  (CR-03-186)

———————————

Submitted:  November 4, 2005          Decided:  November 21, 2005

———————————

Before WILLIAMS, TRAXLER, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Matthew M. Robinson, Cincinnati, Ohio, for Appellant. Kasey Warner, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Catherine Pontier appeals her conviction after a jury trial of one count of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and the resulting sentence of 102 months of imprisonment. Because we find no reversible error, we affirm.

Pontier first argues that the district court erred in admitting evidence of her involvement in a prior drug transaction. Review of a district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) is for abuse of discretion. See United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. See United States v. Haney, 914 F.2d 602, 607 (4th Cir. 1990) (upholding admission of evidence of similar prior bank robberies). Evidence of other crimes is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.; see Queen, 132 F.3d at 994. Rule 404(b) is an inclusive rule, allowing evidence of other crimes or acts except that which tends to prove only criminal disposition. Queen, 132 F.3d at 994-95; United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988). Evidence of prior acts is admissible under

Rule 404(b) and Fed. R. Evid. 403 if the evidence is: (1) relevant to an issue other than the general character of the defendant, (2) necessary, (3) reliable, and (4) if the probative value of the evidence is not substantially outweighed by its prejudicial effect. Queen, 132 F.3d at 997. Limiting jury instructions explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce prior act evidence provide additional protection to defendants. Id. Our review of the record leads us to conclude that the district court did not abuse its discretion in admitting the evidence of Pontier's prior drug sale.

Pontier also asserts that the district court erred in determining the drug quantity attributed to her for sentencing purposes, and that her sentence is contrary to the Supreme Court's holding in United States v. Booker, 125 S. Ct. 738 (2005). "Consistent with the remedial scheme set forth in Booker, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Because Pontier was resentenced post-Booker, the district court first calculated her guideline range, including the amount of drugs reasonably attributable to her. A district court's determination of the drug quantity attributable to a defendant is a factual finding reviewed for clear error. United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999). The Government bears the burden of

proving relevant conduct by a preponderance of the evidence. United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its accuracy. United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir. 1992). We conclude that the district court correctly determined the drug quantity for which Pontier was held responsible.

After calculating the appropriate Guideline range, the district court must then consider the range in conjunction with other relevant factors under the Guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. If a court imposes a sentence outside the Guideline range, the court must state its reasons for doing so. Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47 (citations omitted). Pontier's conviction of distributing an unspecified quantity of crack cocaine exposed her to a statutory maximum sentence of twenty years. 21 U.S.C.A. § 841(b)(1)(C) (West 1999 & Supp. 2005).

In this case the district court calculated the Guideline range, but appropriately treated the Guidelines as advisory. The court sentenced Pontier only after considering and examining the Sentencing Guidelines and the § 3553(a) factors, as instructed by Booker. Because the court adequately explained its reasons for a

- 4 -

sentence below the applicable Guideline range and that sentence is well within the twenty-year statutory maximum, we conclude that the sentence of 102 months of imprisonment is reasonable.

Accordingly, we affirm Pontier's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED